USCA1 Opinion

 

 November 2, 1992 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1738 LISA TSARELKA, Plaintiff-Appellant, v. DANA-FARBER CANCER INSTITUTE, Defendant-Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. A. David Mazzone, U.S. District Judge] ___________________ ____________________ Before Torruella, Selya and Cyr, Circuit Judges. ______________ ____________________ Lisa Tsarelka on brief pro so. _____________ ____________________ ____________________ Per Curiam. Appellant Lisa Tsarelka filed an __________ action in the United States District Court for the District of Massachusetts against the Dana-Farber Cancer Institute ("Dana-Farber"). After granting in forma pauperis status to appellant, the district court dismissed the complaint pursuant to 28 U.S.C. 1915(d).1 It first held that Dana- Farber did not qualify as a state actor for purposes of 42 U.S.C. 1983. Second, it stated that appellant could not base her complaint on 42 U.S.C. 1981 because she had not alleged that she had been discriminated against on the basis of race. We affirm. BACKGROUND __________ In her complaint, appellant asserts that on October 6, 1988 and July 13, 1989, she "suffered medical neglect and abuse, both verbal and upon her person" at the Breast Evaluation Clinic at Dana-Farber. Specifically, she claims that she did not receive any medical evaluation on the above dates. On July 13, she avers, she was subjected to "cruel and unusual physical brutality" which was known to and sanctioned by two Dana-Farber physicians. As a result of this conduct, appellant's arthritic condition allegedly became aggravated. Further, she states, the staff refused to provide her with a neck brace or to avert, in any other way, ____________________ 1. Section 1915(d) provides, in pertinent part: "The court . . . may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." the pain she was experiencing. She also claims that Dana- Farber refused to bill Medicaid for the costs of her medical care. As relief, she requested compensatory damages for loss of physical function and for the pain and suffering she endured; she also asked for punitive damages.2 DISCUSSION __________ A. The 1983 Claim ________________ "It is black-letter law that a showing of interference with a constitutionally-protected right by someone acting under color of state law is a prerequisite to a 1983 action." Malachowski v. City of Keene, 787 F.2d ___________ _____________ 704, 710 (1st Cir.) (per curiam), cert. denied, 479 U.S. 828 ____________ (1986). That is, 1983 does not reach private conduct. Mendez v. Belton, 739 F.2d 15, 17 (1st Cir. 1984). The ______ ______ action of a private party may be treated as that of the state only where there is a "sufficiently close nexus between the State and the challenged action" of the private defendant. See Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 ___ _______ ________________________ (1974). "In short, the party seeking to establish that ____________________ 2. Before filing the federal action, appellant had initiated an action in the Suffolk Superior Court against Dana-Farber on July 17, 1989. The court allowed her to proceed in forma pauperis and subsequently referred the matter to a medical malpractice tribunal. See M.G.L.c. 231, 60B. After a ___ hearing at which appellant did not appear, the tribunal found in favor of Dana-Farber. The court reduced the amount of the bond necessary to pursue her action in the state court. When appellant failed to file the bond, the court dismissed the case on February 7, 1992. Appellant did not pursue any state appellate remedies. -3- action of a private party violated the Constitution must be able to point to the specific act or actions of the government which in fact motivated the private action." Gerena v. Puerto Rico Legal Services, Inc., 697 F.2d 447, 450 ______ ________________________________ (1st Cir. 1983). Here, the only claim appellant makes is that the receipt of public funds by Dana-Farber renders it a state actor for purposes of 1983. It has been clear since 1982, however, that the receipt of state funding, without more, does not convert a private defendant's conduct into state action. See West v. Atkins, 487 U.S. 42, 52 n.10 (1988) ___ ____ ______ (citing Blum v. Yaretsky, 457 U.S. 991 (1982) and Rendell- ____ ________ ________ Baker v. Kohn, 457 U.S. 830 (1982)). _____ ____ For example, in Mendez we addressed the claim of a ______ physician who alleged that a private hospital had discriminated against her based on sex and race in revoking her staff privileges. We held that she failed to demonstrate that the hospital had acted under color of state law even though it was extensively regulated by the state, received federal assistance under the Hill-Burton program, received financial support through annual appropriations from the Puerto Rico legislature, and received Medicaid and Medicare funds. Mendez, 739 F.2d at 17-18. ______ Essentially, what appellant is alleging here is that medical decisions made by the "purely private" staff of -4- a "purely private" hospital caused her harm. See Spencer v. ___ _______ Lee, 864 F.2d 1376, 1377-78 (7th Cir. 1989) (decision to ___ commit a mentally ill individual by private doctor and hospital not made under color of state law), cert. denied, _____________ 494 U.S. 1016 (1990). In Blum v. Yaretsky, 457 U.S. 991 ____ ________ (1982), the Supreme Court held that decisions which "ultimately turn on medical judgments made by private parties according to professional standards that are not established by the State" are not the equivalent of state action. Id. at ___ 1008-09. Although such allegations may state a viable action for medical malpractice, there is no question that, absent state action, they cannot suffice to state a claim under 1983. B. The 1981 Claim ________________ Section 1981 forbids "all 'racial' discrimination ______ in the making of private as well as public contracts." Saint _____ Francis College v. Al-Khazraji, 481 U.S. 604, 609 (1987) ________________ ___________ (emphasis added). As the district court correctly pointed out, appellant "has not alleged one fact in support of a claim of discrimination based on race. . . ." Memorandum and Order at 3. Rather, she alleges discrimination on the basis of wealth. Such a claim may not be brought under 1981. CONCLUSION __________ Under Neitzke v. Williams, 490 U.S. 319 (1989), a _______ ________ district court may dismiss an action as frivolous under -5- 1915(d) if it "lacks an arguable basis either in law or in fact." Id. at 325. An action that lacks a basis in law is ___ one that is premised on an "indisputably meritless legal theory." Id. at 327. As the above discussion demonstrates, ___ the law at the time appellant filed her complaint clearly prohibited the type of civil rights claims she asserted against Dana-Farber. Even assuming, however, that there was some "arguable" foundation for her claim, appellant had the opportunity to correct the deficiencies listed in the district court's order of dismissal. Specifically, in her motion for reconsideration, she responds, point by point, to the reasons the district court gave for determining that her complaint was frivolous. Cf. Purvis v. Ponte, 929 F.2d 822, ___ ______ _____ 826-27 (1st Cir. 1991) (per curiam) (where pro se plaintiff had opportunity to respond to magistrate's report and recommendation before district court dismissed his complaint, he received the "'practical protections'" required by Neitzke). _______ The judgment of the district court is affirmed. ________ -6-